DOCKET NO. 309

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION SEP 23 1977



IN RE SHEFFIELD FURNITURE CORPORATION PATENT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

CORRECTION ORDER

Inasmuch as we have been advised that a certain action was omitted from the Panel order filed on September 12, 1977,

IT IS ORDERED that the order and the Schedule A attached thereto be and the same are hereby CORRECTED as follows:

Order, footnote 1, delete <u>Nine</u> and insert <u>Eight</u>.

Schedule A -- Insert immediately following the last action listed under the Central District of California an action entitled <u>Sheffield Furn. Corp. v. Skelly & Anderson Furn. Mfg. Co.</u>, Civil Action No. CV77-1015-DWW

FOR THE PANEL:

Patricia D. Howard
Clerk of the Panel

DOCKET NO. 309

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SHEFFIELD FURNITURE CORPORATION PATENT LITIGATION

TRANSFER ORDER

It appearing that all parties to the actions listed on the attached Schedule A[1] agree on the desirability of, or do not oppose[2], transferring the actions pending in districts other than the Central District of California to that district pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings with the actions pending in that district before Judge David W. Williams, and the Panel having found upon consideration of the papers submitted that these actions involve common questions of fact and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation,

IT IS ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John Minor Wisdom

John Minor Wisdom
Chairman

---

1/   Eight other actions originally listed in the Panel's order to show cause regarding this litigation have been terminated.
2/   At the request of one of the counsel for the common plaintiff in the actions on Schedule A, the Panel has deferred action for a 60-day period, now elapsed, in order that counsel for the parties might complete pending settlement negotiations.



Schedule A                                    DOCKET NO. 309

## CENTRAL DISTRICT OF CALIFORNIA

Sheffield Furn. Corp. v. R. B. Furniture          Civil Action
                                                  No. 77-1012-DWW

Sheffield Furn. Corp. v. Riviera Con-             Civil Action
vertibles                                         No. 77-1013-DWW

Sheffield Furn. Corp. v. Royal Pacific            Civil Action
Furniture Mfg. Co.                                No. 77-1014-DWW

Sheffield Furn. Corp. v. Town House Mfg.          Civil Action
Co.                                               No. 77-1020-DWW

Sheffield Furn. Corp. v. William Volker           Civil Action
& Co.                                             No. 77-1021-DWW

Sheffield Furn. Corp. v. Style Crest of           Civil Action
California, Inc.                                   No. 77-1023-DWW

Sheffield Furn. Corp. v. Capitol Furniture        Civil Action
                                                  No. 77-1059-DWW

Sheffield Furn. Corp. v. Brand Furn.              Civil Action
Manufacturing Co.                                 No. 77-0999-DWW

Sheffield Furn. Corp. v. Cal Custom              Civil Action
Furn. Manufacturing                               No. 77-1000-DWW

Sheffield Furn. Corp. v. Coleman of               Civil Action
California                                        No. 77-1008-DWW

Sheffield Furn. Corp. v. Skelly & Anderson        Civil Action
Furn. Mfg. Co.                                    No. 77-1015-DWW

## NORTHERN DISTRICT OF ILLINOIS

Sheffield Furn. Corp. v. Kingsley
Manufacturing Co.                                 Civil Action
                                                  No. 77Cl158

Sheffield Furn. Corp. v. Covington
Furniture                                         Civil Action
                                                  No. 77Cl157

## DISTRICT OF ARIZONA

Sheffield Furn. Corp. v. Lunn Furn. Mfg.          Civil Action
Co.                                               No. 77-258-CAM



DOCKET NO. 309

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SHEFFIELD FURNITURE CORPORATION PATENT LITIGATION

TRANSFER ORDER

It appearing that all parties to the actions listed on the attached Schedule A[1]/ agree on the desirability of, or do not oppose[2]/, transferring the actions pending in districts other than the Central District of California to that district pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings with the actions pending in that district before Judge David W. Williams, and the Panel having found upon consideration of the papers submitted that these actions involve common questions of fact and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation,

IT IS ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable David W. Williams for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_John Minor Wisdom_

John Minor Wisdom
Chairman

---

1/   Nine other actions originally listed in the Panel's order to show cause regarding this litigation have been terminated.
2/   At the request of one of the counsel for the common plaintiff in the actions on Schedule A, the Panel has deferred action for a 60-day period, now elapsed, in order that counsel for the parties might complete pending settlement negotiations.

Schedule A                                    DOCKET NO. 309

## CENTRAL DISTRICT OF CALIFORNIA

Sheffield Furn. Corp. v. R. B. Furniture          Civil Action
                                                  No. 77-1012-DWW

Sheffield Furn. Corp. v. Riviera Con-             Civil Action
vertibles                                         No. 77-1013-DWW

Sheffield Furn. Corp. v. Royal Pacific            Civil Action
Furniture Mfg. Co.                                No. 77-1014-DWW

Sheffield Furn. Corp. v. Town House Mfg.          Civil Action
Co.                                               No. 77-1020-DWW

Sheffield Furn. Corp. v. William Volker           Civil Action
& Co.                                             No. 77-1021-DWW

Sheffield Furn. Corp. v. Style Crest of           Civil Action
California, Inc.                                   No. 77-1023-DWW

Sheffield Furn. Corp. v. Capitol Furniture        Civil Action
                                                  No. 77-1059-DWW

Sheffield Furn. Corp. v. Brand Furn.              Civil Action
Manufacturing Co.                                 No. 77-0999-DWW

Sheffield Furn. Corp. v. Cal Custom              Civil Action
Furn. Manufacturing                               No. 77-1000-DWW

Sheffield Furn. Corp. v. Coleman of               Civil Action
California                                        No. 77-1008-DWW

## NORTHERN DISTRICT OF ILLINOIS

Sheffield Furn. Corp. v. Kingsley                 Civil Action
Manufacturing Co.                                 No. 77C1158

Sheffield Furn. Corp. v. Covington                Civil Action
Furniture                                         No. 77C1157

## DISTRICT OF ARIZONA

Sheffield Furn. Corp. v. Lunn Furn. Mfg.          Civil Action
Co.                                               No. 77-258-CAM

DOCKET NO. 312

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ARMORED CAR ANTITRUST LITIGATION

## TRANSFER ORDER

The Panel having ruled from the bench at the hearing
on this matter that the actions in this litigation raise
common questions of fact and that their transfer to the
Northern District of Georgia under 28 U.S.C. §1407 will
best serve the convenience of the parties and witnesses
and promote the just and efficient conduct of the litigation,

IT IS ORDERED that, pursuant to Section 1407, the actions
listed on the attached Schedule A and pending in districts
other than the Northern District of Georgia be, and the same
hereby are, transferred to the Northern District of Georgia
and, with the consent of that court, assigned to the Honorable
Richard C. Freeman for coordinated or consolidated pretrial
proceedings with the actions already pending there and listed
on Schedule A.

FOR THE PANEL:

John Minor Wisdom
Chairman

Attachment

SCHEDULE A

DOCKET NO. 318

### EASTERN DISTRICT OF PENNSYLVANIA

Weston L. Sampson T/A Sampson Beverage Co.
v. Brink's Inc., et al.

Civil Action
No. 77-2828

Sunshine Stores, Inc. v. Brink's Inc.,
et al.

Civil Action
No. 77-2986

Philadelphia Electric Co. v. Brink's
Inc., et al.

Civil Action
No. 77-2642

### SOUTHERN DISTRICT OF NEW YORK

Sunnydale Farms, Inc. v. Brink's Inc.,
et al.

Civil Action
No. 77 Civ. 3517

State of Connecticut v. Brink's Inc.,
et al.

Civil Action
No. 77 Civ. 3689

Commonwealth of Massachusetts v.
Brink's Inc., et al.

Civil Action
No. 77 Civ. 3516

Hillman's Inc., et al. v. Brink's
Inc., et al.

Civil Action
No. 77 Civ. 3153

### NORTHERN DISTRICT OF ILLINOIS

The Peoples Gas Light and Coke Co.,
et al. v. Brink's Inc., et al.

Civil Action
No. 77C3149

### NORTHERN DISTRICT OF GEORGIA

Food Fair Stores, Inc., et al. v.
Brink's Inc., et al.

Civil Action
No. C77-1246A

Raley's Inc. v. Brink's Inc., et al.

Civil Action
No. C77-1273A

LDC, Inc., et al. v. Brink's Inc., et al.

Civil Action
No. C77-1294A

Biscayne Bank, et al. v. Brink's Inc., et al.

Civil Action
No. C77-1363A

Liberty Coin Shop, Inc. v. Brink's Inc.,
et al.

Civil Action
No. C77-1412A

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GENERAL MOTORS CORPORATION ENGINE    DOCKET NO. 308
INTERCHANGE LITIGATION                      )
                                            )
  Harold Hensley v. General Motors Corp.,  )
    W.D. Virginia, C.A. No. 77-0030         )
  Howard Tutwiler v. General Motors          )
    Corp., N.D. Alabama, C.A. No.           )
    77-P-1143S                              )

*DEC 19 1977*

*12/19/77*

OPINION AND ORDER
------

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY AND ROY W. HARPER, JUDGES OF THE PANEL
------

PER CURIAM

    The Panel, pursuant to 28 U.S.C. §1407, previously transferred several actions in this litigation to the Northern District of Illinois and, with the consent of that court, assigned them to the Honorable Frank J. McGarr for coordinated or consolidated pretrial proceedings with related actions pending in that district. In re General Motors Corporation Engine Interchange Litigation, MDL-308 (J.P.M.L., July 11, 1977) (unpublished order).

    General Motors Corporation is a defendant in all actions in the transferee district, and local Oldsmobile dealers are also defendants in two of the actions there. Judge McGarr has certified a plaintiff class in those actions consisting of all persons in the United

------
*    Judge Lord took no part in the decision of this matter.

States (other than General Motors, its subsidiaries and affiliates) who purchased 1977 Oldsmobiles and who received Oldsmobiles which, without their knowledge or consent, contained V-8 engines manufactured by the Chevrolet Motor Division of General Motors.  In addition, plaintiffs in the Blackman action in the transferee district seek to represent a statewide class of persons who purchased 1977 Buicks and who received Buicks which, without their knowledge or consent, contained engines manufactured by divisions of General Motors other than Buick.  The complaints in the transferee district generally are proceeding on the allegation that General Motors and the other defendants breached warranties by marketing certain automobiles from a General Motors' division without disclosing that each of those automobiles contained an engine manufactured by a different division of General Motors. Plaintiffs in the Levine action in the transferee district also allege that defendants' conduct constituted violations of the Sherman and Clayton Antitrust Acts.

The first above-captioned action (Hensley) has been brought against General Motors by an individual who alleges that he purchased a 1977 Buick and later discovered that it contained an Oldsmobile engine.  Plaintiff in Hensley charges General Motors with fraud, deceptive business practices, and breach of contract.

The second above-captioned action (Tutwiler) has been brought against General Motors on behalf of a purported

nationwide class consisting of all persons who purchased
1976 and/or 1977 Cadillac Sevilles containing Oldsmobile
engines.  Plaintiff charges General Motors with fraud,
misrepresentation, breach of warranty, and violations
of the federal antitrust laws.

Since Hensley and Tutwiler appeared to share
questions of fact with the previously transferred
actions, the Panel entered orders conditionally transferring
these actions to the Northern District of Illinois for
inclusion in the coordinated or consolidated pretrial
proceedings. 1/  Plaintiff in Tutwiler opposes transfer
of that action.  General Motors opposes transfer of both
actions.

We find that Hensley and Tutwiler share questions
of fact with the previously transferred actions and
that transfer of these two actions to the Northern District
of Illinois under Section 1407 will best serve the con-
venience of the parties and witnesses and promote the just
and efficient conduct of the litigation.

The parties opposing transfer contend that even if
Hensley, Tutwiler and the actions in the transferee
district share some factual questions of a general nature,
the vast majority of factual issues will not be common.
These parties assert that the actions in the transferee
district primarily involve the substitution of Chevrolet
engines in Oldsmobiles, and that discovery in those actions
will center around the Oldsmobile division of General

1/  See Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975).

Motors.  In contrast, these parties urge, discovery in Hensley will center around the Buick division of General Motors and discovery in Tutwiler will center around the Cadillac division of General Motors.  These parties maintain that discovery in each type of action will be largely distinct because each division has its own design, engineering, marketing and advertising staffs.

We find these arguments unpersuasive.  Since one action in the transferee district already includes claims on behalf of purchasers of 1977 Buicks that contained engines manufactured by divisions of General Motors other than Buick, Hensley clearly involves common questions of fact with at least that action.  Moreover, on the basis of the record before us, we are persuaded that both Hensley and Tutwiler share questions of fact with each other and with the previously transferred actions concerning overall corporate policies of General Motors and interrelationships among General Motors' divisions. In these circumstances, a single judge with an overall perspective of Hensley, Tutwiler and the previously transferred actions will be in the best position to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary.  Of course, the transferee judge has the broad discretion to design a pretrial program that will allow discovery on any unique issues in particular actions to proceed concurrently with

- 5 -

discovery on common issues.  <u>See</u> <u>In re Republic National-</u>
<u>Realty Equities Securities Litigation</u>, 382 F. Supp. 1403,
1405-06 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions entitled <u>Harold Hensley v. General Motors</u>
<u>Corporation</u>, W.D. Virginia, C.A. No. 77-0030, and <u>Howard</u>
<u>Tutwiler v. General Motors Corporation</u>, N.D. Alabama, C.A.
No. 77-P-1143S,  be, and the same hereby are, transferred
to the Northern District of Illinois and, with the consent
of that court, assigned to the Honorable Frank J. McGarr
for coordinated or consolidated pretrial proceedings with
the actions previously transferred to that district.